## Patterson *against* Peironnet.

If an execution be immediately issued upon a judgment of a justice, and the money be made by a sale of personal property, it is then too late to enter an appeal or bail for stay of execution by the defendant, although the twenty days allowed by the sixth section of the act of 1810 have not expired: and the purchaser of the property has a legal right thereto.

If one in the act of committing a trespass, by taking the personal property of another, receive his assent thereto, upon an agreement that the right to the property shall be determined by reference to a third person, trespass *vi et armis* will not afterwards lie to recover the value of the property, although the right clearly be in the plaintiff.

ERROR to the common pleas of *Bradford* county.

This was an action of trespass by John S. and Robert D. Peironnet against Chester Patterson for taking and carrying away five thousand feet of white pine boards.

The plaintiffs below, J. S. and R. D. Peironnet, obtained a judgment upon a *capias* issued by a justice of the peace against Samuel Platt, and immediately issued an execution and levied upon the five thousand feet of boards in question, in the possession of the defendant, and they were sold by the constable, and purchased by the plaintiffs. The defendant in this suit, Chester Patterson, alleging that he had previously purchased the same boards from Platt, although he had not removed them, attempted to take them from the plaintiffs, and while his servants were actually engaged loading the boards upon the defendant's wagons, he and one of the plaintiffs made an agreement by which Patterson was to take the boards, and the question of right to them should be referred to Judge Herrick, and in the event of the decision against Patterson's right, he was to

VII.—2 D*

pay, &c. The parties did not afterwards agree about the facts to be referred to Judge Herrick, and the plaintiff brought this action of trespass to recover damages for the value of his property taken.

The defendant rested his defence upon three grounds, viz.

First, that the defendant, Samuel Platt, had entered special bail to entitle him to a stay of execution upon the judgment of the justice, within the twenty days allowed for that purpose, although after the property was sold on the execution, and therefore the sale of the boards to the plaintiff was avoided. And second, that the agreement that the defendant should take the boards and refer the question of right, took from the defendant the character of a trespasser, and the plaintiff could not recover in this form of action. Third, that the property was his own.

The court below ruled all the points against the defendant, and a verdict was given for the plaintiff.

*Lusk,* for plaintiff in error.
*Dimmock,* for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—There is nothing in the first error assigned ; for Samuel Platt not being a freeholder and having neglected to enter bail upon the rendition of the judgment against him by the justice, the plaintiffs had a right to have execution immediately upon it, according to the express provisions of the sixth section of the act of assembly of 1810, extending the jurisdiction of justices of the peace to 100 dollars in such cases. And although it be provided also by the same section, that "if the defendant within twenty days after such judgment shall enter special bail and pay the costs accrued *on the execution,* he shall then be entitled to an appeal or *stay of execution,* &c.;" yet it is evident that this latter provision is inapplicable to this case, because the execution was not only issued but completely executed before the entry of bail and payment of the costs on it by the defendant in the judgment. The bail was entered on the 29th of December 1835, but the boards were seized under the execution on the 10th of that month, and a regular sale was made by the constable on the 25th of the same, four days before the entry of bail ; so that it was impossible that there could be a stay of execution, after it had been completely executed. The sale of the boards then being perfectly legal and regular in every respect, the right of property in them, so far as it existed in the defendant in the execution at the time of seizure, became vested thereby in the purchasers : and it would be contrary to the whole policy, as well as every principle of analogy of the law, in regard to judicial sales of property, to hold that any subsequent act, even of the court or tribunal whence the execution issued, and much more that of the defendant in it, could affect the right of the purchaser acquired under such sale. It may be, that where the plaintiff, in an execution sued out by him

[Patterson v. Peironnet.]

in violation of law and the rights of the defendant named therein, has become the purchaser of the property seized and sold by virtue thereof, he shall be divested of all right thereby acquired, upon the execution's being subsequently set aside or held nought. But no such question arises here.

Nor is there any thing wrong that we can perceive, in the charge of the court, assigned for the second error. For it cannot be questioned, that, according to the decisions of this court, it is now a settled rule, not to be controverted, in transferring and assigning personal property, that a transmutation of the possession must attend it, otherwise it may be avoided by the creditors of the assignor, as being fraudulent in law against them, though it may not have been intended to be so in fact by the parties. But it is complained of here, that the court below laid down this rule, as if it were universal and without any exception. This, however, was not intended by the court; and it would not be dealing fairly with what they have said in this respect, to give it such construction. It is obvious that the court only spoke of it as a general rule ; but then the counsel for the plaintiff in error alleges that the court have stated the rule without mentioning any exception ; nor was it requisite that the court should do so, unless the plaintiff in error, from the evidence, or at least some part thereof, given on the trial below, had entitled himself to have it submitted to the jury, as a question to be decided by them, under the direction of the court, whether his case did not fall within some exception to the rule. But as it does not appear that any evidence of the kind was given, it was clearly sufficient for the court to state the rule in general terms which prevailed and ought to govern on the subject. We therefore conceive that there is no error in what the court laid down on this point.

The third, fourth and sixth errors all relate to the same matter, on which the court charged the jury ; and will therefore be considered as presenting the same question ; that is, whether, if the plaintiffs below, who are the defendants here, consented to the plaintiff in error's taking the boards, the latter can be considered a trespasser in so doing, and liable to the recovery of damages in this form of action, which is trespass *de bonis asportatis.* The meaning of the court here is not expressed perhaps with as much perspicuity and precision as it might have been : but as I understand it, the court, in effect, instructed the jury, that if the boards were owned by the plaintiffs below, and the defendant came to the place where the boards were in the possession of the plaintiffs, with a determination to carry them away whether the plaintiffs were willing or not, and the persons in the employment of the defendant commenced clearing the snow off the boards by turning them, under his direction, with the intent to carry them away, the plaintiffs below were equitably entitled to recover in this form of action, notwithstanding the jury should be of opinion that they came to an agreement with the defendant, at the time the boards were taken and removed, that the defendant should

[Patterson v. Peironnet.]

take them ; and if Judge Herrick, to whom it was to be referred by the same agreement, as a part thereof, to decide whether the boards belonged to the plaintiffs or not, should be of opinion that they were the true owners of them, then the defendant was to pay the plaintiffs 60 dollars for them : or " if the jury (in the words of the *court*) should believe, from all the evidence, that the plaintiffs are entitled to recover, it would be equitable for the plaintiffs to prevail in the present form of action." Thereby intending, as I conceive, to convey to the jury the idea, that if they, from the evidence, should think the plaintiffs entitled to recover of the defendant in any form of action, the plaintiffs might therefore, upon principles of equity, recover in this. If this be not the true meaning of the instruction intended to be given to the jury by the court on this point, I must confess that I am totally unable to comprehend or discover what was intended; and this part of the charge would therefore be erroneous on account of its obscurity. But supposing the meaning of the court to be as suggested, it is impossible to sustain it; because, if the defendant below took the boards, with the consent of the plaintiffs, under such an agreement made with them as has been mentioned, and would seem to have been fully established by the evidence, whether such agreement was made at the time of taking the boards or before, he could not be considered a trespasser in taking them, upon any principle whatever, either legal or equitable ; though the plaintiffs below might have been the real owners of the boards at the time: for it is clear from the evidence, that if the plaintiffs were the owners of the boards at the time of the agreement mentioned, they thereby divested themselves of all their right to them : because the agreement, and the giving up the possession of the boards in pursuance thereof, amounted to a sale and transfer of their right of property in the boards to the defendant, in consideration of the price of 60 dollars, which the latter thereby obligated himself to pay in the event of its being decided that the plaintiffs were the owners of the boards ; so that the plaintiffs, according to the evidence, having parted not only with the possession of the boards, but likewise with the right of property therein, if they had it, can have no colour or pretence whatever for supporting this action ; which, without a violation of the plaintiff's possession, either actual or constructive, cannot be sustained in any case.

The fifth error, which is the only remaining one, raises a question not at all material to the determination of this action : because, if the evidence of the reference to Judge Herrick be accredited, it also establishes that, in pursuance of the same agreement between the parties, whereby the question of property in the boards was referred to Judge Herrick, the plaintiffs below gave up the possession of them to the defendant, which, as has been shown above, leaves them without even the shadow of a pretence for the support of this form of action.

The judgment is therefore reversed, and a *venire de novo* awarded.